IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WARREN RAY PATTON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:17-cv-02392-L (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Warren Ray Patton, a Texas prisoner, filed a *pro se* petition for a writ of

habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to

the United States magistrate judge for findings and a recommendation, pursuant

to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons,

the District Court should DENY Patton's petition.

## I.    Background

In 2014, a Kaufmann County jury found Patton guilty of manslaughter and

sentenced him to 18 years in prison for causing a head-on crash that killed an off-

duty Dallas County Constable. His conviction and sentence were affirmed on

appeal, *Patton v. State*, No. 05-14-01073, 2016 WL 97540, at *1 (Tex. App. – Dallas

Jan. 16, 2016, pet. ref'd); the Court of Criminal Appeals (CCA) refused Patton's

petition for discretionary review (PDR), *Patton v. State*, PD-113-16 (Tex. Crim.

App. 2016); and the Supreme Court denied Patton's petition for a writ of certiorari.

*Patton v. Texas*, 18-7373 (2019).

In March 2017, Patton filed an application for a state writ of habeas corpus. The Honorable B. Michael Chitty of the 422nd Judicial District Court, who presided over Patton's criminal trial, issued findings of fact and conclusions of law on the state habeas application. The CCA denied relief based on the findings of the trial court without a hearing and on its own independent review of the record.

On September 6, 2017, the Clerk received Patton's § 2254 petition in this case. Pet. (ECF No. 4). Two weeks later, the Court received Patton's letter stating he had a motion for DNA testing pending in the trial court and requesting a stay of further proceedings. On January 8, 2018, the Court stayed and administratively closed the case to allow Patton to exhaust his state court remedies.[1]

In 2020, Patton filed a pleading asking the Court to reopen his case because he fully exhausted his state remedies as of February 11, 2020. The pleading also set forth Patton's claims on the appropriate form for filing a § 2254 petition. Accordingly, the Court construed Patton's pleading as a motion to reopen, in part, and as an amended § 2254 petition. In his amended petition, Patton claims:

1. He received ineffective assistance of counsel because there was a significant conflict involving his attorney's representation;

2. He was denied the right to due process and confrontation when the unconfirmed lab reports were admitted during his trial in violation of *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011);

---

[1] The trial court denied Patton's motion for DNA testing. That order was later affirmed, *Patton v. State*, No. 05-17-01172-CR, 2018 WL 3723680, at *1 (Tex. App – Dallas Aug. 6, 2018, pet. ref'd), and the CCA refused his PDR on December 19, 2018. *Patton v. State*, PD-0878-18 (Tex. Crim. App. 2018).

3.   He received ineffective assistance of counsel when his attorney failed to convey a 10-year plea offer to him in violation of *Missouri v. Frye*, 132 S. Ct. 1399 (2012);

4.   He did not receive a full and fair opportunity to litigate his reasonable expectation of privacy in his medical records under *Stone v. Powell*, 428 U.S. 465 (1976);

5.   The State's use of known, unreliable evidence denied his right to due process and a fair trial under *Jackson v. Virginia*, 433 U.S. 307 (1979); and

6.   The prosecutor's repeated comments on his right not to testify created an inference of guilt under *Griffin v. California*, 85 S. Ct. 1229 (1965).

The Court granted Patton's motion to reopen and directed Respondent to file an answer to the amended petition. Patton's claims are now fully-briefed and ripe for determination.

## II. Legal Standards and Analysis

A.   <u>Conflict-Free Representation</u>

Patton first argues that he received ineffective assistance of counsel because there was a substantial conflict with his attorney, Brandi H. Fernandez, representing him. Am. Pet. 6 (ECF No. 21). Prior to representing Patton, Fernandez worked in the Kaufmann County district attorney's office, where—according to Patton—she was the "head prosecutor" for the State, and in that role, she "orchestrated" the multiple-count indictment filed against him. *Id.* 18.

To succeed on a claim of ineffective assistance of counsel, a petitioner must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing

at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 689. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984); *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

Additionally, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). "[T]he test for federal habeas purposes is not whether [an inmate] made that showing [required by *Strickland*]. Instead, the test is whether the state court's decision—that [the inmate] did *not* make the *Strickland*-showing—was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his [ineffective assistance of counsel] claim." *Schaetzle v. Cockrell*, 343 F.3d 440, 444

(5th Cir. 2003); *Charles v. Thaler*, 629 F.3d 494, 501 (5th Cir. 2011) (citing *Schaetzle*, 343 F.3d at 444); *see also* 28 U.S.C. § 2254(d)(1).

When the state court has adjudicated an ineffective assistance of counsel claim on the merits, the federal habeas court reviews that claim under the "doubly deferential" standards of both *Strickland* and the Antiterrorism and Effective Death Penalty Act (AEDPA). *Dunn v. Reeves*, ____ U.S. ____ , 141 S. Ct. 2405, 2410 (2021) (quoting *Sexton v. Beaudreaux*, ____ U.S. ____, 138 S. Ct. 2555, 2560-61 (2018) (per curiam)); *see also Rhoades v. Davis*, 852 F.3d 422, 434 (5th Cir. 2017) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). In these cases, the court's deference is "near its apex." *Sexton*, 138 S. Ct. at 2560-61; *see also Johnson v. Sec'y, DOC*, 643 F.3d 907, 910-11 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding."). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Rhoades*, 852 F.3d at 434 (quoting *Strickland* 466 U.S. at 690).

Fernandez served as the acting Kaufmann County District Attorney in 2012. She entered her appearance as Patton's retained attorney, and co-counsel to his lead attorney, Taryn Davis, on February 24, 2014. Clerk's R. at 1178. At the end of April 2014, the State filed a motion to disqualify Fernandez or to obtain Patton's waiver of conflict-free representation. *Id.* 1367-69. The motion alleged that Fernandez, in her role as a "supervising attorney," was directly involved in the

prosecution of Patton's case because she specifically discussed the charging decision with the prosecutor. *Id.* 1367-68. Fernandez disputed the prosecution's characterization of her participation in the case and the legal effect on her ability to represent Patton. *Id.* 1382. Judge Chitty held a hearing on the matter. Reporter's R. III. At the hearing, the State noted that the victim's family objected to Fernandez's representation. *Id.* 6. Judge Chitty, Fernandez, and the State advised Patton regarding his right to conflict-free representation. *Id.* 24-37. Judge Chitty took the issue under advisement. *Id.* 37. In May, the issue of Fernandez's representation came up again at another pre-trial conference. Reporter's R. IV at 125-35. Once again, Patton was advised about his right to conflict-free representation. *Id.* 125-35. The Court informed Patton that under the Sixth Amendment to the United States Constitution, he had an absolute right to conflict-free assistance of counsel. *Id.* 126. Judge Chitty advised Patton that a basis for disqualification of counsel can be knowingly and intelligently waived. *Id.* Judge Chitty further advised Patton that the court believed Fernandez had a conflict, but Patton could knowingly and intelligently waive that conflict. *Id.* After some discussion with Fernandez on the record, Patton advised the court, "I would like to continue with [Fernandez's] representation." *Id.* 129. Judge Chitty advised Patton that he was giving up the right to complain about the issue on appeal, and there was "[n]o taking [it] back after [that day]." *Id.* 133.

Judge Chitty presided over Patton's trial as well as the review of Patton's state habeas application, and Judge Chitty made extensive findings of fact and

conclusions of law regarding the issue of conflict-free representation. Supp. SHCR-02 at 208-16. Where the state habeas court and the trial court are one in the same, the presumption of correctness afforded the state habeas court's factual determinations is especially strong. *Mays v. Stephens*, 757 F.3d 211, 214 (5th Cir. 2014); *see also Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) (citing *Amos v. Scott*, 61 F.3d 333, 347 (5th Cir. 1995); *James v. Collins*, 987 F.2d 1116, 1122 (5th Cir. 1993)).

The state habeas court concluded that Patton had a right to conflict-free representation, and even though the trial court found Fernandez had a conflict of interest by representing him after she served as the supervising attorney for the Kaufmann County District Attorney's Office when his case was indicted, Patton knowingly, intelligently, and voluntarily waived his right to conflict-free counsel. Supp. SHCR-02 at 218. Additionally, the state habeas court concluded that Patton had the benefit of a second attorney, Taryn Davis. *Id.* When addressing Patton's claim that he was denied the right to conflict-free counsel, the state habeas court found:

1. A defendant can insist upon retaining an attorney with otherwise disqualifying conflicts and waive his right to conflict-free counsel; *Ex parte Prejean*, 625 S.W.2d 731, 733 (Tex. Crim. App. 1981);

2. A defendant may waive his attorney's conflict of interest if that waiver is made knowingly, intelligently, and voluntarily; *Perry v. State*, No. 04-05-00506-07-CR, 2006 WL 2616442, at *1 (Tex. App. -San Antonio Sep. 13, 2006, no pet.) (not designated for publication) (citing *Prejean*, 625 S.W.2d at 733; *Ramirez v. State*, 13 S.W.3d 482, 487 (Tex. App. –Corpus Christi 2000, pet. dism'd));

3. [Patton] was aware of Fernandez's conflict of interest, understood the conflict of continuing with Fernandez, knew his rights to obtain other counsel, and already had another attorney, Davis;

4. Even though this Court previously found Fernandez had a conflict of interest by representing [Patton] after serving as the supervising attorney of [the Kaufmann County District Attorney's] Office when [Patton's] case was indicted, [Patton] freely, voluntarily, knowingly, and intelligently waived his 6th Amendment right to conflict-free counsel[.]

*Id.*

The AEDPA, 28 U.S.C. § 2254, provides:

(d)    An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

. . . .

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2); *see also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). The court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. §

2254(e)(1); *see also Ford v. Davis*, 910 F.3d 232, 234 (5th Cir. 2018). A federal habeas court "may not characterize these state-court factual determinations as unreasonable 'merely because [it] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain*, 576 U.S. 305, 313-14 (2015) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). "Instead, § 2254(d)(2) requires that [a federal court] accord the state trial court substantial deference." *Id.* at 314.

Patton has failed to demonstrate that the state habeas court's rejection of his attorney-conflict claim was an unreasonable application of Supreme Court precedent. Therefore, this claim must fail.

B.    Plea Offer

Patton also argues that he received ineffective assistance of counsel when his attorney failed to convey a 10-year plea deal to him in violation of *Missouri v. Frye*, 566 U.S. 1399 (2012). Am. Pet. 9 (ECF No. 21). Patton further argues that, at his arraignment in August 2014, his attorney established on the record that the State made a 10-year plea offer, and it was not conveyed to Patton. *Id.* 21.

The Sixth Amendment right to effective assistance of counsel extends to the negotiation and consideration of plea offers, and effective counsel is "a right that extends to the plea bargain process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *Frye*, 566 U.S. at 144-45. "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 566 U.S. at 145. A petitioner must prove "that but for the ineffective advice of counsel there is a reasonable

probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 566 U.S. at 164.

The record reflects that the parties discussed the status of plea negotiations at length. On August 4, 2014, Patton's attorney, Davis, asked Patton about her representation, and she asked about him about pleading guilty. Reporter's R. VII at 44-48. The State noted that there was never a formal plea offer on the table, and Patton indicated that he was not interested in serving any time in prison. *Id.* at 47-48. Davis and Fernandez both represented Patton, and they each addressed this issue in their affidavits filed with the state habeas court. Supp. SHCR-02 at 16 (Davis), 39 (Fernandez). Judge Chitty concluded that "[n]either Davis nor Fernandez was ineffective in their representation of [Patton]." *Id.* at 218. He further found that "[attorney] Davis informed Applicant of the State's plea offer of ten years imprisonment." *Id.*

The state habeas court's rejection of Patton's claim that his attorney did not make him aware of a plea offer was not an unreasonable application of Supreme Court precedent.  Consequently, this claim must fail.

C.    <u>Confrontation Rights</u>

Next, Patton argues that he was denied due process and his right to confrontation when unconfirmed lab reports were admitted at his trial in violation of *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011). Am. Pet. 8 (ECF No. 21). He contends "that known, clearly unreliable, inadmissible, completly [sic] false evidence was used to convict him." *Id.* 19. Patton further contends that the blood tests used as evidence against him at his trial were not taken from him. *Id.* 20. Rather, they were taken from "Randal Patton," another individual with the same last name. *Id.*

Patton filed a motion to suppress evidence from two blood samples obtained from him by Parkland Hospital staff on the night of the crash; State Trooper Daniel Koelsch ordered one sample (the "legal" blood-draw) as part of the criminal investigation, and Parkland staff obtained the second sample for medical purposes (the "medical" blood-draw). Clerk's R. at 1395-99 (legal draw), 1399-1404 (medical draw). Judge Chitty held a hearing on the motion at which Lily Solis, a registered nurse at Parkland Hospital, testified. Nurse Solis explained that the hospital conducts legal blood-draws, which are ordered by law enforcement, and medical blood-draws, which are routinely performed by the hospital for medical purposes in cases involving trauma. Reporter's R. IV 62-67. Nurse Solis stated that, in this case, the hospital was responsible for testing Patton's blood and urine, and it did obtain a medical blood-draw for purposes of medical diagnosis. *Id.* 78 (State's trial ex. 9), 90 (State's trial ex. 10). Trooper Koelsch also testified at the hearing and

explained that he was responsible for ordering the legal blood-draw from Patton. *See id.* 48-61. Patton's attorney, Fernandez, objected to the introduction of the reports from both the legal and medical blood-draws on the basis that he had a right to challenge how the tests were performed and the reports therefore violated Patton's confrontation rights. *Id.* 108. Ultimately, Judge Chitty granted Patton's motion to suppress, in part, and denied it, in part. Clerk's R. at 1413-16. Judge Chitty excluded the legal blood-draw evidence ordered by Trooper Koelsch. Clerk's R. at 1413-16. But he did not exclude the medical blood-draw evidence obtained by Parkland Hospital staff. Instead, he indicated that he would conduct a hearing when the State attempted to introduce that evidence at trial. Clerk's R. at 1414, 1416.

The day before trial began, Judge Chitty held a hearing under Texas Rule of Evidence 702 (702 Hearing). Reporter's R. VII at 264-368. Patton's attorney, Fernandez, argued that the introduction of the medical blood-draw evidence would violate Patton's confrontation rights. *Id.* 355-60. Judge Chitty took the matter under advisement, and the next day, he held the blood and urine medical testing by Parkland Hospital would be admissible. *Id.* 367; Reporter's R. VIII at 7-12. At Patton's trial, "medical blood" exhibits were admitted into evidence. Reporter's R. VIII at 161-69; *see also* State's trial exs. 20, 21, 22.

"[A] state defendant has no constitutional right to an errorless trial." *Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984) (citing *Banks v. McGougan*, 717 F.2d 186, 190 (5th Cir. 1983)). Rather, on federal habeas review, a court is limited

to determining whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine the state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *see also Hill v. Johnson*, 210 F.3d 481, 491 (5th Cir. 2000). When a petitioner alleges a trial court error, he is entitled to federal habeas relief only if the error had a substantial and injurious effect on the verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *see also Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983). A petitioner must show that "there is *more* than a mere reasonable probability that [the court's error] contributed to the verdict. It must have had a *substantial* effect or influence in determining the verdict." *Woods v. Johnson*, 75 F.3d 1017, 1026 (5th Cir. 1996).

Judge Chitty did not err in allowing the admission of the medical blood-draw evidence. "[M]edical reports created for treatment purposes" are not testimonial. *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 312 n.2 (2009); *see also Goodman v. State*, 302 S.W.3d 462, 470 (Tex. App.-Texarkana 2009, pet. ref'd) (finding because the laboratory result was not drawn at the request of law enforcement and was tested for medical purposes, it was not "testimonial" and therefore it was not subject to the Confrontation Clause). Moreover, to the extent Judge Chitty erred in allowing the admission of the "medical blood" exhibits at trial, Patton has not shown that it entitles him to federal habeas relief.

Judge Chitty did not address this specific issue in his findings and conclusions. *See* Supp. SHCR-02 at 208-17. However, the CCA denied Patton's application based on Judge Chitty's findings and an "independent review of the record." SHCR-02 Action Taken. And that is sufficient here. *See Johnson v. Williams*, 568 U.S. 289, 298 (2013) ("[W]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication of state-law procedural principles to the contrary.") (quoting *Harrington v. Richter*, 562 U.S. 86, 99 (2011)).

The state habeas court's rejection of Patton's Confrontation Clause claim was not an unreasonable application of Supreme Court precedent. Accordingly, this claim must fail.

D.    Right to Privacy

Patton argues that he was not afforded a "full and fair opportunity to litigate his reasonable expectation of privacy in his medical records" under *Stone v. Powell*, 428 U.S. 465 (1976). Am. Pet. 11, 21-22 (ECF No. 21).

Patton appears to complain about the way his medical information was not addressed on direct appeal. *Id.* 21-22. Patton challenged the admission of his medical information when he argued that the introduction of the medical blood-draw evidence violated article 38.23 of the Texas Code of Criminal Procedure (Article 38.23) and the introduction of the medical records violated Health Insurance Portability and Accountability Act (HIPPA). Am. Pet. 19-22 (point of

error one), 22-24 (point of error two). Patton notes that he preserved these issues during the suppression hearing. *Id.* 21-22. However, he is mistaken that the Dallas Court of Appeals failed to address this claim. In fact, the appellate court found that "we need not consider whether the trial court erred in admitting excerpts from the medical records or Dr. Gibbons' testimony because, even if there was error, the record does not demonstrate that [Patton] suffered related harm." *Patton*, 2016 WL 97540, at *5 (footnote omitted).

Also, whether Judge Chitty violated Article 38.23 is an issue of state law, and that issue is not cognizable here in federal court on federal habeas review. *Estelle*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to re-examine state-court determinations of state-law questions."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (recognizing federal habeas relief will not issue for errors of state law); *see also Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004).

Moreover, because this matter was addressed in a suppression motion, which was later appealed, the issue is barred from federal habeas corpus relief. *See Janecka v. Cockrell*, 301 F.3d 316, 320-21 (5th Cir. 2002) (citing *Stone*, 428 U.S. at 494 ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); *see also Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978) (An "opportunity for full and fair litigation" means just that, "an opportunity.").

Finally, the Dallas Court of Appeals held that "even without the intoxication evidence, the evidence [was] sufficient to support the manslaughter conviction." *See Patton*, 2016 WL 97540, at *6. The ruling by the Dallas Court of Appeals was not an unreasonable application of clearly established Supreme Court precedent. Therefore, this claim must fail.

E.    Sufficiency of the Evidence

Patton argues that the evidence used to convict him was unreliable, irrelevant, and clearly inadmissible, and he was therefore denied Due Process and a fair trial under *Jackson v. Virginia*, 443 U.S. 307 (1979). Am. Pet. 23-24 (ECF No. 21).

It violates due process for a state court to imprison a defendant where the evidence is insufficient for a rational trier of fact to find the defendant guilty. *Jackson*, 443 U.S. at 307. A sufficiency-of-the evidence claim is based on federal due process principles, which require the State to prove each element of the offense beyond a reasonable doubt. The issue is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. A federal court looks to state law for substantive elements of the offense, and "the minimum amount of evidence that the Due Process Clause requires to prove the offense is purely a matter of federal law." *Coleman v. Johnson*, 566 U.S. 650, 655 (2012) (per curiam) (internal quotation marks omitted). The inquiry under *Jackson* "does not focus on whether the trier of fact made the *correct* guilt or

16

innocence determination, but rather whether it made a *rational* decision to convict or acquit. *Herrera v. Collins*, 506 U.S. 390, 402 (1993). A *Jackson* claim "face[s] a high bar in federal proceedings because they are subject to two layers of judicial deference." *Coleman*, 566 U.S. at 651. Under the first layer, a state appellate court reviewing the sufficiency of the evidence sets aside the jury's verdict "only if no rational trier of fact could have agreed with the jury." *Id.* (quoting *Cavazos v. Smith*, 565 U.S. 1 (2011) (per curiam)). "Where a state appellate court has conducted a thoughtful review of the evidence, moreover, its determination is entitled to great deference." *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993) (citation omitted). In the second layer, a federal court grants habeas relief only where it finds that the state court's rejection of sufficiency-of-the-evidence claim was "objectively unreasonable." *Coleman*, 566 U.S. at 651.

The issue of the sufficiency of the evidence underlying Patton's conviction was raised and addressed on direct appeal. *See Patton*, 2016 WL 97540, at *1-4. The issues Patton raises now do not undermine the trial court's verdict. On direct appeal, the Dallas Court of Appeals outlined the evidence before the jury, and it held that "the evidence was sufficient for a reasonable juror to find [Patton] guilty of manslaughter." *Id.* at *4. Patton has failed to show that the Dallas Court of Appeals' rejection of his sufficiency-of-the-evidence claim was "objectively unreasonable." *See Coleman*, 566 U.S. at 651. The Dallas Court of Appeals' ruling was not an unreasonable application of clearly established Supreme Court precedent. Accordingly, this claim must fail.

F.    Prosecutorial Misconduct

Last, Patton argues that the prosecutor engaged in prosecutorial misconduct when he referred to Patton's failure to testify and present a defense. Am. Pet. 24 (ECF No. 21) (citing Reporter's R. X 78:23, 160:24, 161:16, 162:23, 166:1, 167:13).

At trial, Patton called Dwain Fuller, a forensic toxicologist, to testify. On cross-examination, the prosecutor asked Fuller whether Fuller spoke with Patton on the night of the crash. Reporter's R. X 49-50. Patton's attorney, Fernandez, objected and argued that the question was a comment on Patton's failure to testify. *Id.* 50. Judge Chitty overruled the objection. *Id.* Later, during closing arguments, the prosecutor made several comments related to Patton's failure to present witnesses or evidence at trial. *Id.* 160-61. Fernandez objected to these comments on the basis that they amounted to burden shifting. *Id.* 161. Judge Chitty overruled the objection. *Id.* Finally, the prosecutor made other comments on Patton's failure to testify and additional comments about Patton's failure to present evidence. *Id.* 162. Davis objected on the basis that the prosecutor's comments were an impermissible comment on Patton's failure to testify and amounted to burden shifting. *Id.* 163. Judy Chitty overruled those objections as well. *Id.* 162-63. And he repeatedly admonished the jury that "there is no burden on the Defendant whatsoever" and "there is no burden on the Defendant to produce any evidence at all. He is presumed innocent. The burden is always on the States to prove his guilt beyond a reasonable doubt as to each and every element of the offense." *Id.* 163.

18

Although the State may "prosecute with earnestness and vigor," it still must "refrain from improper methods calculated to produce a wrongful conviction." *United States v. Young*, 470 U.S. 1, 7 (1985) (quotation omitted). A claim of prosecutorial misconduct, when alleged in habeas corpus proceedings, is reviewed to determine whether it "so infected the [trial] with unfairness as to make the resulting [conviction] a denial of due process." *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir. 2000) (quoting *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996)). "Due process does not afford relief where the challenged evidence was not the principal focus at trial and the errors were not so pronounced and persistent that it permeates the entire atmosphere of the trial." *Gonzales v. Thaler*, 643 F.3d 425, 431 (5th Cir. 2011). "Moreover, the appropriate standard of review for such a claim on writ of habeas corpus is the narrow one of due process, and not the broad exercise of supervisory power." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks omitted). Due process is only violated when the alleged conduct deprived the petitioner of his right to a fair trial. *See Foy v. Donnelly*, 959 F.2d 1307, 1317 (5th Cir. 1992). A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Foy*, 959 F.2d at 1317. Only in the most egregious situations will a prosecutor's improper conduct violate constitutional rights. *Ortega v. McCotter*, 808 F.2d 406, 410 (5th Cir. 1987).

The comments Patton points to do not rise to the level of a due process violation. In Texas, a prosecutor must confine his jury arguments to one of the

following: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement. *Campbell v. State*, 610 S.W.2d 754, 756 (Tex. Cr. App. 1980). A prosecutor can comment on a defendant's failure to introduce evidence if those remarks do not fault the defendant for failing to testify. *See Jackson v. State*, 17 SW.3d 664, 674 (Tex. Crim. App. 2000). "The State may comment on the failure of a defendant to call competent and material witnesses and may also argue that the reason for such failure is that any such testimony would be unfavorable to his defense," *Torres v. State*, 552 S.W.2d 821, 825 (Tex. Crim. App. 1977), if the comment does not place fault on the defendant for exercising his right not to testify. *Jackson v. State*, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000).

The comments Patton has objected to fall within the bounds of what is legally permissible, and these comments do not constitute an abuse of discretion. Consequently, Patton has failed to demonstrate that the state court's rulings here were an unreasonable application of clearly established Supreme Court precedent.

### III.   Recommendation

For the foregoing reasons, the Court should DENY Patton's § 2254 petition. Signed October 29, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).