IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WARREN RAY PATTON,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:17-CV-2392-L-BT** |
| | § | |
| **DIRECTOR, TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

# ORDER

On October 29, 2021, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 38) was entered recommending that the court deny Petitioner habeas petition and dismiss with prejudice this habeas action and Petitioner's claims that:

1. he received ineffective assistance of counsel because there was a significant conflict involving his attorney's representation;

2. he was denied the right to due process and confrontation when the unconfirmed lab reports were admitted during his trial in violation of *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011);

3. he received ineffective assistance of counsel when his attorney failed to convey a 10-year plea offer to him in violation of *Missouri v. Frye*, 132 S. Ct. 1399 (2012);

4. he did not receive a full and fair opportunity to litigate his reasonable expectation of privacy in his medical records under *Stone v. Powell*, 428 U.S. 465 (1976);

5. the State's use of known, unreliable evidence denied his right to due process and a fair trial under *Jackson v. Virginia*, 433 U.S. 307 (1979); and

6. the prosecutor's repeated comments on his right not to testify created an inference of guilt under *Griffin v. California*, 85 S. Ct. 1229 (1965).
7.

No objections to the Report were received as of the date of this order, and the deadline for filing objections has expired.

**Order – Page 1**

Having considered Petitioner's habeas petition (Doc. 4), the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  Accordingly, the court **denies** Petitioner's habeas petition (Doc. 4) and **dismisses with prejudice** this habeas action and all claims asserted by Petitioner.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court **accepts and incorporates** by reference the Report.  In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

**(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b)    Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 30th day of November, 2021.

                                                    Sam A. Lindsay
                                                    United States District Judge